UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60370-CIV-BLOOM/VALLE

**MBACHAN C. OKWEN**,

     Plaintiff,

v.

**AMERICAN MARITIME
OFFICERS PLANS**, *et al.*,

     Defendants.
_____/

### ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss, ECF No. [56] ("Defendants' Motion" or the "Motion"), filed under Fed. R. Civ. P. 12(b)(6), seeking to dismiss Plaintiff's Amended Complaint, ECF No. [51] (the "Amended Complaint" or "Compl."), for failure to state a claim. The Amended Complaint alleges violations of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C. § 2000e *et seq.* The Court has carefully reviewed the motions, the parties' briefs, the record, and the applicable law. For the following reasons, the Motion to Dismiss is DENIED.

    **I.**    **Background**

Plaintiff was an employee of Defendants[1] starting in January 2007, working as an accountant. *See* Compl. at 2; ECF No. [42] (Defendants' Certificate of Interested Parties). Stacey Sundal, Amber Mizrachi, and Fahmida Rehman were employees of Defendants during Plaintiff's employment. Plaintiff alleges that during his employment, he was "subjected to

---

[1] The parties appear to agree that American Maritime Officers Master Operating Trust d/b/a American Maritime Officer Plans ("AMOP") alone is the proper Defendant in this action. *See* ECF No. [57] at 10 (Plaintiff's Response). To the extent that Plaintiff seeks to dismiss the other named Defendants in this action, a proper motion must be filed.

harassment and verbal assaults by his supervisors who made insulting comments regarding men of African descent and [Plaintiff's] accent." Compl. at 3.

Plaintiff also alleges that he was not allowed to submit an application for the position of Accounting Manager in 2009 because of his national origin. *See id.* He "expressed interest in this position to Defendants," and "[a]lthough Plaintiff was highly-qualified for this position, he was told that he would not be considered." *Id.* Defendants "invited an external applicant to apply for the position . . . and subsequently hired her. Upon information and belief, Defendants [] hired a Caucasian woman of Jewish descent." *Id.*

Plaintiff filed his first charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on June 18, 2009. *See* ECF No. [57-2][2] (2009 EEOC Charge). In this charge, Plaintiff asserted that he had "been subjected to different terms and conditions of employment because of [his] national origin." *Id.* Plaintiff explained that Ms. Sundal "scolded [him] and made fun of his accent by saying 'blah, blah, blah . . . I can't understand what you are saying." *Id*. Plaintiff also explained that he was "the most qualified individual for the Accounting Manager position and [] was denied the opportunity to apply for it." *Id.* Instead, Ms. "Mizrachi (American) was hired." *Id.*

After he filed his first charge, Defendants "began taking adverse employment action against [Plaintiff] in retaliation for filing the charge of discrimination," and Ms. Sundal disclosed to Plaintiff's "co-workers that he filed a charge of discrimination against Defendants and encouraged an environment of harassment and isolation." Compl. at 4. Plaintiff alleges that once Ms. Mizrachi was hired, Ms. Sundal instructed her and Ms. Rehman "to monitor Plaintiff's

---

[2] A district court may consider a document attached to a response, when deciding a motion to dismiss, without converting the motion into one for summary judgment only if the attached document is: (1) central to one of the claims, and (2) undisputed, meaning that the authenticity of the document is not challenged. *See Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002). Here, the Court finds that Plaintiff's EEOC charges of discrimination are central to Plaintiff's claim and the authenticity of the document is undisputed.

activities and log any instance of potential misconduct." *Id.* They "were not instructed to treat any other accountant in this fashion." *Id.*

Plaintiff alleges that he was "subjected to harassment by co-workers and supervisors, specifically Ms. Rehman . . . the self-described relative of Ms. Sundal." *Id.* Plaintiff also alleges that he filed two internal complaints with Defendants' human resources department, one about Ms. Rehman's treatment of him and another about "the excessive and intrusive monitoring." *Id.* Nevertheless, Defendants "took no action with regard to [those] complaint[s]." *Id.* at 4. He was also denied access to meetings, trainings, and Defendants' network on several occasions, "which made it extremely difficult for him to perform the duties of his position." *Id.* at 5. Plaintiff describes other "discriminatory supervisory tactics," amounting overall to "a severe and pervasive scheme to harass" him. *Id.* at 5, 8.

"On or about February 10, 2010, in accordance with Defendants' Whistleblower policies, [Plaintiff] filed a complaint alleging Ms. Sundal was engaged in unlawful financial practices." *Id.* at 6. Plaintiff was suspended during the pendency of the investigation, although Ms. Sundal was not. *Id.* On or about March 5, 2010, Defendants [] terminated [Plaintiff's] employment based on the pretextual reason that he did not provide Defendants [] with his source of information with regard to Ms. Sundal's alleged unlawful financial practices." *Id.* "On or about March of 2010, Plaintiff amended his charge of discrimination with the EEOC to include retaliation." *Id.*

Plaintiff filed his second charge of discrimination with the EEOC on May 3, 2010. *See* ECF No. [57-3] (2010 EEOC Charge). In his second charge, Plaintiff detailed "continuing discrimination with regard to supervision," alleging that Defendants "refused to pay wages owed," and complained that the reason for his termination "was not made in good faith." *Id.*

3

Plaintiff stated that he "believe[d] that [he] was retaliated against . . . for having filed a discrimination charge." *Id.* The EEOC sent Plaintiff Notice of Right to Sue letters on July 7, 2014 for both the 2009 and 2010 EEOC Charges. *See* ECF No. [57-1] (Notice of Suit Rights).

Plaintiff initiated the instant action on October 9, 2014, in the United States District Court for the Eastern District of Pennsylvania, "to seek redress from his former employer, American Maritime Officers Plans, its representatives, and his former union, District 2A Transportation Technical Warehouse Industrial and Service Employee Union, and its representatives, alleging unlawful discrimination and retaliation in violation of Title VII." ECF No. [1] at 1 ("Plaintiff's Original Complaint"). After all then-Defendants executed waivers of service, the parties entered into a stipulation to transfer venue to the Southern District of Florida and extend the deadline to file responses to the complaint on January 26, 2015, ECF No. [8], which was granted on February 19, 2015. *See* ECF No. [9].

On March 12, 2015, the originally named Defendants moved to dismiss Plaintiff's Original Complaint for failure to state a claim. See ECF No. [37]. The Court granted the Defendants' motion to dismiss with leave to amend. ECF No. [46].[3] The Amended Complaint alleges three causes of action under Title VII: (1) discrimination on the basis of national origin; (2) harassment/hostile work environment; and (3) retaliation. *See generally* Compl. Plaintiff claims that as a "proximate result" of Defendants' unlawful conduct, he suffered a number of financial, emotional, and physical injuries. Compl. at 8-10. In addition to damages, interest, costs, and attorneys' fees, he seeks injunctive relief requiring Defendants to hold trainings and adopt policy changes regarding discrimination, harassment, and retaliation. *Id.* at 11.

---

[3] Two individual Defendants were dismissed with prejudice. *Id.*

## II.     Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2)'s pleading standards "demands more than an unadorned, the-Defendants-unlawfully-harmed-me accusation"). Nor can a complaint rest on "naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiffs' allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiffs. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss…the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

### III. Discussion

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted in each of the three causes of action alleged under Title VII. Plaintiff counters that he has stated plausible claims for relief under each count, which is sufficient at a pleading stage.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). A plaintiff can state a Title VII claim if discriminated against on the basis of his or her African descent. *See Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987) ("[W]e have little trouble in concluding that Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics."); *Sleit v. Ricoh Corp.*, 2008 WL 4826113, at *13 (M.D. Fla. Nov. 4, 2008). "While not everything that makes an employee unhappy is an actionable adverse action, conduct that alters an employee's compensation, terms, conditions, or privileges of employment does constitute adverse action under Title VII." *Anduze v. Florida Atl. Univ.*, 151 F. App'x 875, 878 (11th Cir. 2005) (quoting *Shannon v. Bellsouth Telecommc'ns, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002)). This includes "termination, failure to hire, or demotion." *Blue v. Dunn Const. Co., Inc.*, 453 F. App'x 881, 884 (11th Cir. 2011).

#### A. National Origin Discrimination

Defendants argue that because Plaintiff fails to demonstrate that he was as qualified as Ms. Mizrachi, he cannot state a plausible claim for discrimination under a failure to promote theory. Although Plaintiff does not address this issue in his Response, the Amended Complaint alleges that he "was highly-qualified" and the 2009 EEOC Charge states that he was "the most

qualified individual for the Accounting Manager position." *See* Compl. at 3; 2009 EEOC Charge.

"In order to prove a prima facie case of age or race discrimination, a plaintiff must prove that he or she was: (1) a member of the protected class; (2) qualified for the position; (3) subjected to adverse employment action; and (4) replaced by a person outside the protected class or suffered from disparate treatment because of membership in the protected class." *Kelliher v. Veneman*, 313 F.3d 1270, 1275 (11th Cir. 2002); *Roxbury-Smellie v. Florida Dep't of Corr.*, 324 F. App'x 783, 785 (11th Cir. 2009) (same, in the context of discrimination on the basis of national origin); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, (1973) (finding that if plaintiff is able to establish a prima facie case of discrimination, then the burden shifts to defendant to show a legitimate, non-discriminatory reason for its employment action).

"However, as explained in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2002), a plaintiff need not satisfy the *McDonnell Douglas* framework at the pleading stage in order to state a discrimination or retaliation claim." *Zachary v. Comprehensive Health Management, Inc.*, 2012 WL 3264899, at *2 (M.D. Fla. Aug. 9, 2012). Nevertheless, "the ordinary rules for assessing the sufficiency of the complaint [still] apply." *Swierkiewicz*, 534 U.S. at 511; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) ("Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination.") "*McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement." *Surtain v. Hamlin Terrance Found*, 2015 WL 3715901, at *4 (11th Cir. 2015). This is because "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case. . . . Given that the

prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Swierkiewicz,* 534 U.S. at 511.

The Amended Complaint pleads each prong of the prima facie case. Plaintiff is an individual of African descent who applied for a promotion from Senior Accountant to Accounting Manager. Although he was highly qualified, Defendants told Plaintiff that he would not be considered and did not allow him to apply. Finally, he identifies "comparators:" a Caucasian woman of Jewish descent was hired instead of him. *Zachary*, 2012 WL 3264899, at *2. Accordingly, Plaintiff states a plausible claim for discrimination on the basis of national origin under the theory of failure to promote. Whether or not Plaintiff was as qualified as the external job candidate is an issue more appropriately assessed on summary judgment. *See McCurdy v. Auburn University*, 2015 WL 2064248, at *4-5 (M.D. Ala. May 4, 2015) (citing *Bowers v. Bd. of Regents of Univ. Sys. of Georgia*, 509 Fed. App'x 906, 910 (11th Cir. 2013)) ("While a plaintiff need not allege facts on every element of the prima-facie case in the complaint, the elements can be a 'helpful guide' in determining whether a claim is plausible at the motion to dismiss phase."); *see Swierkiewicz,* 534 U.S. at 511.

### B. Harassment/Hostile Work Environment

Defendants originally argue in their Motion that Plaintiff's harassment claim is outside of the scope of his original EEOC charges. However, Defendants appear to abandon this argument in their reply, focusing only on the elements of a harassment claim. *See* ECF No. [58] at 4-6. This is for good reason, considering that both EEOC charges allege continuing behavior that could reasonably be expected to "grow out of the charge of discrimination." *Green v. Elixir Indus.*, 152 Fed. App'x 838, 840 (11th Cir. 2005); *see Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000) ("A plaintiff's judicial complaint is limited by the scope of the

EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."); *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) ("Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate."). Here, both EEOC Charges describe multiple instances of discriminatory behavior from 2007 through 2010 – including a specific reference to "harassment by Fahmida Rehman" in the 2010 Charge. *See* 2009 and 2010 EEOC Charges.

Accordingly, the Court turns to the substance of the harassment claim. "Discriminatory conduct that is 'so severe or pervasive that it create[s] a work environment abusive to employees because of their race, gender, religion, or national origin offends Title VII's broad rule of workplace equality.'" *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993)). To establish a hostile work environment claim, a plaintiff must show:

> (1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under a theory of vicarious or direct liability.

*Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

Taking Plaintiff's allegations as true, Plaintiff has established that he belongs to a protected group and he has been subject to "harassment and verbal assaults," although specific facts may be lacking. Compl. at 3; *see Hicks v. City of Alabaster, Ala.*, 2013 WL 988874, at *7 (N.D. Ala. March 12, 2013) (declining to dismiss plaintiff's racially hostile work environment claim at the pleading stage). Contrary to Defendants' reading of the Amended Complaint, Plaintiff alleges multiple instances in which his supervisors "made insulting comments regarding

9

men of African descent and [his] accent." *Id.* While it may be unclear from the Complaint just how many verbal assaults or instances of other discriminatory conduct Plaintiff experienced, the allegations are sufficient at this pleading stage. Discovery will bring these specific facts to light. *See Swierkiewicz,* 534 U.S. at 511; *McCurdy*, 2015 WL 2064248, at *4-5.

Even though Plaintiff has not pled each element of the prima facie case with specificity, his allegations of multiple instances of harassment based on his national origin are sufficient to plead a hostile work environment claim. *Cf. Thompson v. City of Miami Beach, Fla.*, 990 F.Supp.2d 1335, 1137 (S.D. Fla. 2014) (finding that three race-based comments in one year, along with rude behavior unrelated to race, were not enough to state a prima facie claim for harassment). Plaintiff has stated a plausible claim for hostile work environment under Title VII. *See Litman v. Mabus*, 2014 WL 5428643, at *4 (M.D. Ga. Oct. 22, 2014) ("Litman pleaded facts that could plausibly support a finding of unwelcome harassment. . . . Though Litman has not yet proven the remaining elements of a Title VII hostile work environment claim, the Court notes again that a claim may survive a Rule 12(b)(6) motion to dismiss even though each element of the claim has not been pleaded with specificity.").

### C. Retaliation

In support of dismissal, Defendants argue that Plaintiff cannot state a claim for retaliation because the EEOC has yet to issue Plaintiff a Notice of Right to Sue Letter with respect to the 2010 Charge of Discrimination. Thus, they contend, Plaintiff has failed to exhaust his administrative remedies. *See* Motion at 14. "Retaliation under Title VII occurs when an employee engages in protected activity, and suffers an adverse employment action that is causally related to that activity." *Uppal v. Hosp. Corp. of America*, 482 Fed. App'x 394, 397 (11th Cir. 2012) (citing *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1388 (11th Cir.

1998)). "Section 706 of Title VII . . . requires that a plaintiff . . . exhaust certain administrative remedies before filing a suit for employment discrimination." *Equal Empl. Opportunity Comm'n v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (citing 42 U.S.C. § 2000e-5). "The administrative process is initiated by timely filing a charge of discrimination." *Id.* "For a charge to be timely in a deferral state such as Florida, it must be filed within 300 days of the last discriminatory act." *Id.* Rather than constituting a jurisdictional perquisite, this exhaustion requirement is a condition precedent. *See Goodridge v. Astrue*, 2008 WL 8691093, at *2 (N.D. Ga. Mar. 20, 2008) (citing *Fouche v. Jekyll Island-State Park Auth.*, 713, F.2d 1518, 1525 (11th Cir. 1983)). Accordingly, the burden is on the defendant to, with specificity and particularity, deny the plaintiff's completion of the exhaustion requirement. *See Steinberg v. Donahoe*, No. 13-61617-CIV, 2014 WL 1356711, at *6 (S.D. Fla. Apr. 7, 2014) (citing *Goodridge*, 2008 WL 8691093 at *2). "If it does so, the plaintiff then must prove that the condition precedent called to the question by the defendants has, in fact, been satisfied." *Id.*

In the instant action, as established above and noted in Plaintiff's Response, the Right to Sue Letters for both the 2009 Charge and the 2010 Charge were issued on July 7, 2014. "It is unclear why the EEOC did not treat the two charges filed by Plaintiff as one, but it was likely a clerical error." Response at 7. Notably, Defendants fail to address this issue in their reply brief, instead focusing on the discrimination and harassment counts. *See* Reply. Defendants do not make any other argument against Plaintiff's retaliation claim. *See id.*; Motion. Because Plaintiff did in fact exhaust his administrative remedies on this charge, Plaintiff's retaliation claim survives Defendants' Motion. *See* Notice of Suit Rights at 2; *see, e.g.*, *Wells v. Voestalpine Nortrak, Inc.*, 2015 WL 554779, at *2 (N.D. Ala. Feb. 11, 2015) ("[P]laintiff properly exhausted his administrative remedies as a precondition to bringing a Title VII claim for retaliation.").

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. No. [56]**, is **DENIED**. Defendants shall file their Answer **no later than September 25, 2015.**

**DONE AND ORDERED** in Miami, Florida, this 11th day of September, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

CC: Counsel of record