UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CV-60370-BLOOM/VALLE

MBACHAN C. OKWEN,

    Plaintiff,

        v.

AMERICAN MARITIME
OFFICERS PLANS, *et al.*,

    Defendant.
_____

**ORDER GRANTING DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S MEDICAL EXAMINATION**

THIS CAUSE is before the Court upon Defendants' Motion to Compel Plaintiff's Medical Examination, or Alternatively, Extend Deadlines to Exchange Expert and Rebuttal Expert Reports and Other Related Deadlines (ECF No. 68) (the "Motion"). United States District Judge Beth Bloom referred all discovery matters to the undersigned for disposition. (ECF No. 44). The Court having reviewed the Motion, Plaintiff's Response (ECF No. 75), Defendants' Reply (ECF No. 76), and being fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED**.

        **I.**        **BACKGROUND**

Plaintiff worked as an accountant for Defendants from approximately January 2007 to March 2010. (ECF No. 51 at ¶¶ 9, 38). He commenced this action under Title VII of the Civil Rights Act of 1964, alleging that Defendants had: (1) unlawfully discriminated against him based upon national origin; (2) created a hostile work environment; and (3) wrongfully terminated him for complaining about the unlawful discrimination and harassment. *Id.* at ¶¶ 41, 51 and 57. In his

Amended Complaint, Plaintiff specifically alleges that "[a]s a further proximate result of Defendants' unlawful conduct, [he] has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish and other general damages." *Id.* at ¶¶ 47, 54 and 63. Plaintiff also seeks damages for mental and emotional distress, and for physical injuries and anguish. *Id.* at 11, ¶2.

In response to Defendants' First Set of Interrogatories, Plaintiff asserted that he "has suffered and continues to suffer from significant anxiety, and ongoing fear" as well as "sadness, humiliation, embarrassment, loss of self-esteem, nausea, irritability, anxiety, loss of confidence, grief, fear, lack of trust, sleeplessness, helplessness, hopelessness, crying spells, loss of sleep and nightmares." (ECF No. 68-1 at 4). Plaintiff has also indicated that he has been examined or treated by Dr. Gina Fastovsky (ECF No. 68-1 at 5), who Defendants assert is a psychologist. (ECF No. 68 at 5).

Defendants seek to have Plaintiff examined by a licensed psychologist to be able to "challenge the substantial cause and extent of [Plaintiff's] medical, psychological, neurological and/or emotional conditions and alleged injuries through expert testimony." (ECF No. 68 at 5). Defendants have selected Dr. Kenneth Manges, Ph.D., to conduct the independent medical examination ("IME"). (ECF No. 68 at 2). Defendants propose that the IME last approximately three hours, consisting of "a clinical interview, oral examination and psychological testing." (ECF No. 68 at 5). Defendants further specify that the IME will be videotaped and identify the location for the IME. *Id.* In response, Plaintiff asserts that the Notice of the IME (both initial and as amended) has several deficiencies and opposes the examination absent a Court order. (ECF No. 75).

## II.  DISCUSSION

Federal Rule of Civil Procedure 35 provides, in relevant part, that a Court may order a party whose mental and physical condition is in controversy to submit to a physical or mental examination by a suitable licensed or certified examiner.  Fed. R. Civ. P. 35(a).  Rule 35 further provides that the "*order* (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P." 35(a)(2) (emphasis added).

Defendants assert that they are entitled to an IME based on Plaintiff's allegations in the Amended Complaint and his interrogatory responses.  (ECF No. 68 at 3-4).   Plaintiff responds that the Notice of the IME has procedural deficiencies in that it fails to: (1) specify whether the examination will be a mental or physical examination; (2) indicate the scope of the examination; (3) identify the conditions for which Plaintiff will be examined; and (4) show that the conditions are genuinely in controversy, thus failing to establish that good cause exists for the examination.  (ECF No. 75 at 3-4).  Plaintiff also suggests that the examination cannot proceed without a Court order.  *Id.* at 4.  Plaintiff's arguments, however, are unpersuasive.

First, Defendants have shown good cause for the examination.  Pursuant to Rule 35, Defendants seeking an IME must establish that the Plaintiff has put his mental or physical condition in controversy and must show good cause for the IME.  *Schlagenhauf v. Holder*, 379 U.S. 104, 121 (1964).  This requires an affirmative showing that Plaintiff's mental or physical condition is "really and genuinely" in controversy and that good cause exists for each particular examination.  *Reaves v. Wayne Automatic Fire Sprinklers*, *Inc.*, 2011 U.S. Dist. LEXIS 117784, *6 (M.D. Fla. Oct. 10, 2011); *Henry v. City of Tallahassee,* 2000 U.S. Dist. LEXIS 20469, *2 (N.D. Fla. Dec. 6, 2000).   It is up to the Court to determine whether the "in controversy" and

"good cause" requirements have been adequately demonstrated. *Reaves*, 2011 U.S. Dist. LEXIS 117784, at *6 (internal citations omitted);

Among the factors used by courts to make this determination are: (1) the existence of a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) the plaintiff's concession that her mental condition is in controversy within the meaning of Rule 35.  *Reaves*, 2011 U.S. Dist. LEXIS 117784, at *6-7 (internal citations omitted); *Trenary v. Busch Entm't Corp.*, No. 8:05-CV-1630-T-30EAJ, 2006 WL 3333621, at *2 (M.D. Fla. Nov. 16, 2006).  In general, courts have found "good cause" exists for an IME when questions arise regarding the extent of emotional problems.  *Reaves*, 2011 U.S. Dist. LEXIS 117784, at *7.

Plaintiff specifically alleges that he "has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish and other general damages."  (ECF No. 51 at ¶¶ 47, 54 and 63).  In response to Defendants' First Set of Interrogatories, Plaintiff similarly asserts that he "has suffered and continues to suffer from significant anxiety, and ongoing fear" as well as "sadness, humiliation, embarrassment, loss of self-esteem, nausea, irritability, anxiety, loss of confidence, grief, fear, lack of trust, sleeplessness, helplessness, hopelessness, crying spells, loss of sleep and nightmares."  (ECF No. 68-1 at 4).  In addition, Plaintiff has been examined or treated by psychologist Dr. Gina Fastovsky (ECF No. 68-1 at 5).

The Court finds these allegations sufficient to satisfy the "in controversy" and "good cause" requirements of Rule 35.  *See, e.g., Reaves*, 2011 U.S. Dist. LEXIS 117784, at *7 (finding that plaintiff's allegation from ongoing emotional condition was sufficient for Rule a 35 examination); *Henry*, 2000 U.S. Dist. LEXIS 20469, at *3 (concluding that a claim of continuing emotional distress provided grounds for a Rule 35 examination); *Trenary*, 2006 WL 3333621, at

4

\*3 (concluding that mental condition was in controversy when plaintiff's discovery responses indicated that he was being treated for post-traumatic stress disorder, depression, anxiety, mood swings and lack of concentration); *Ali v. Wang Labs., Inc.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995) (granting a Rule 35 examination on allegations of loss of self-esteem, humiliation and embarrassment, as well as extreme emotion distress and depression); *Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649, 651 (D. Kan. 2003) (finding allegations of emotional distress were beyond "garden variety claims" warranting an examination); *Smith v. Koplan*, 215 F.R.D. 11, 13 (D.D.C. 2003) (finding that allegations of hopelessness about the future were allegations that placed mental condition in controversy).

Second, the Motion clearly specifies the time, place, manner, and scope of the examination.[1]  (ECF Nos. 68 at 5 and 68-3 at 3).  Plaintiff does not object to the examination procedure, but indicates that counsel is unavailable on the proposed date.  (ECF No. 75 at 5). Plaintiff added that he has no objection to an extension of the expert-related deadlines to accommodate a different examination date.  (ECF No. 75 at 5).

Court deadlines are not dictated by individual availability and should not be lightly disturbed.  *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1103 (5th Cir. 1981).[2]  Moreover, there is no requirement that counsel be present for the examination.  *Lerer v. Ferno-Washington, Inc.*, No. 06-81031, 2007 WL 3513189, at \*1 (S.D. Fla. Nov. 14, 2007) (noting that Rule 35 is silent on who may attend an examination, thus the issue is left to the court's discretion); *Goggins v. State*

---

[1] Defendants noticed the examination to take place at 9:30 a.m. on October 9, 2015 at Atkinson Baker, Premiere Business Center, 18851 NE 29th Ave., Ste. 700, Aventura, Florida 33180. (ECF Nos. 68 at 5 and 68-3 at 3).  Plaintiff is to appear before Dr. Manges and the examination will be videotaped.  (ECF No. 68 at 5).  The examination will involve a full and complete psychological examination of all areas that Plaintiff claims to have injured as alleged in the Amended Complaint and throughout discovery.  *Id.*

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

5

*Farm Mut. Auto. Ins. Co.*, No. 3:10-CV-00826-J-20JBT, 2011 WL 1660609, at *2 (M.D. Fla. May 3, 2011) (same). Indeed, courts (including the undersigned) have disapproved of counsel's presence during such examinations. *See, e.g., Kropf v. Celebrity Cruises, Inc.,* No. 14-CV-21599, 2014 WL 6682533, at *3 (S.D. Fla. Nov. 25, 2014) (denying plaintiff's request to have counsel and videographer present during examination); *Gibson v. Walgreen Co.*, No. 6:07-CV-1053-ORL-28KRS, 2008 WL 746845, at *2 (M.D. Fla. Mar. 18, 2008) (finding attendance of an attorney during a mental examination not typically necessary or proper); *Greenhorn*, 216 F.R.D. at 654 (denying plaintiff's request for her counsel or third-party to be present during the examination in that the presence of a third-party can only threaten to turn the examination into a more adversarial process than it should be); *but see Goggins*, 2011 WL 1660609, at *3 (relying on state law principles to allow counsel's presence during an examination despite recognizing contrary federal rulings). Therefore, counsel's unavailability does not prevent the examination from proceeding as noticed. Accordingly, the Court finds that the examination shall proceed on **October 9, 2015**.

### III.  CONCLUSION

For the reasons discussed above, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Compel Plaintiff's Medical Examination, or Alternatively, Extend Defendants' Deadlines to Exchange Expert and Rebuttal Expert Reports and Other Related Deadlines (ECF No. 68) is **GRANTED** as set forth below.

1.  Dr. Manges shall conduct Plaintiff's mental examination on **October 9, 2015**, at the Atkinson Baker, Premiere Business Center, 18851 NE 29th Ave., Ste. 700, Aventura, Florida 33180 by video conference. Unless otherwise mutually agreed to by the parties: (1) the examination shall commence at 9:30 a.m.; (2) last approximately three hours; and (3) counsel, shall not be present.

2. Unless otherwise mutually agreed to by the parties, the scope of the mental examination shall be as follows: (1) the examination shall be conducted in the normal manner as all such examination are conducted and shall include, but not be limited to: the taking of a written and/or oral history, testing and examination; (2) all diagnostic testing shall be non-invasive; and (3) the examination will inquire as to all issues raised by the Amended Complaint and discovery responses in this case.

3. The written examiner's report required under Rule 35(b) shall be produced within five (5) calendar days from the examination date. The report shall set forth the findings, including but not limited to, results of all tests performed, diagnosis and conclusions, will be prepared by the expert which will be available to all counsel, if requested in writing.

4. To the extent that the parties require an extension of the existing expert-related discovery deadlines, they may seek relief from District Judge Beth Bloom.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida on October 2, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
    All Counsel of Record